## TOOMER *vs.* COLEMAN.

From a petition for *certiorari* it appeared that the plaintiff had done some work for the defendant in building a house, for the consideration of defendant's letting him have a cow; that defendant said plaintiff had not complied with his contract of building, and therefore refused compliance on his part by letting plaintiff have the cow. The cow was killed by a railroad. Defendant put in a claim for damages, and received $16.00. The plaintiff stood by, said nothing and acquiesced in the payment. Subsequently, at the suggestion of a third person, he brought suit against the defendant for the money so received:

*Held*, that from this evidence it would seem that the title to the cow had not passed to the plaintiff; and if so, he could not recover the money received for her from the railroad. He might have sued for the value or contract price of the building, if he fulfilled his contract, or for the cow or her value, if she was the consideration.

(*a.*) If the title was in plaintiff, he might waive the conversion and sue for money had and received for his use, if the property had been turned into money. The judge of the superior court should have granted the writ of *certiorari*, that he might hear the case with the answer of the magistrate before him.

Judgment reversed.

September 18, 1883.

JACKSON, Chief Justice.

## FULLER *vs.* THE STATE OF GEORGIA.

1. Under an indictment for using opprobrious words (Code, §4372), it is incumbent on the state to allege and prove that such words were used without provocation. Proof of the use of opprobrious words alone is not sufficient, without showing the circumstances or in any way proving want of provocation.

(*a.*) This differs from selling liquor without a license. There the license is held by the defendant and is peculiarly within his knowledge, and he cannot be required to criminate himself; but under the present charge, both parties have equal opportunities to prove the transaction as it occurred.

Judgment reversed.