## PARKS *v.* THE STATE.

1. An affidavit filed for the purpose of bringing a case to this court in forma pauperis must be "intituled in the cause," or otherwise on its face affirmatively show its relation thereto, or it will not be treated as sufficient to relieve the plaintiff in error, or his attorney, from paying the costs accruing in this court.

2. Though an act passed prior to the adoption of the Code of 1895, and which was incorporated therein, be subject to the constitutional objection that it contains matter different from what is expressed in its title, or that it attempts to amend a section of the code by a mere reference to its number, these defects would not render invalid the section of the code embodying the act.

3. The evidence was not sufficient to warrant the verdict, and the judge erred in overruling the certiorari.

Submitted April 23, — Decided May 11, 1900.

Certiorari. Before Judge Littlejohn. Sumter superior court. March 10, 1900.

*Blalock & Cobb,* for plaintiff in error.
*F. A. Hooper, solicitor-general,* contra.

COBB, J. The accused was tried in the county court, upon an accusation charging him with a violation of that part of section 396 of the Penal Code which makes criminal the use of profane language in the presence of a female. Upon conviction, he applied to the judge of the superior court for a writ of certiorari, upon the hearing of which the judgment of the county court was affirmed, and the accused excepted.

1. The affidavit filed by the accused for the purpose of relieving himself from the payment of the costs accruing in this court in the present case is as follows:

"Georgia, Sumter County. Personally came Joe Parks who on oath says that he is unable from his property to pay the costs or give the security for the eventual condemnation money, and that his counsel has advised him that he has good cause for a writ of error. Joe Parks x his mark.

"Sworn to and subscribed before me, this March 24th, 1900.
H. E. Allen, Deputy Clk., S. C."

It will be noticed that the name of the case to which the affidavit is claimed to relate does not appear anywhere in the affidavit. The general rule is that affidavits to be used in judicial

proceedings should be "intituled in the cause." *Warren* v. *Monnish,* 97 *Ga.* 399; 1 Enc. P. & P. 311 (1) a, 374 (5). The reason for the rule is that when the affidavit is thus identified as being connected with the case to which it relates, the affiant may be indicted for perjury in the event the statements made in the affidavit are false. If the affidavit is not entitled in the cause, or if the name of the case does not appear in some part of the affidavit, or the statements made therein be not sufficient to indicate to what case the affidavit relates, it could not be used as a foundation for a prosecution for perjury, and for this reason it should not be received as evidence in any court in any proceeding whatsoever. Applying this rule to the present case, the affidavit upon which the plaintiff in error relies to relieve him from paying the costs accruing in this court can not be considered. It is neither entitled in the cause, nor is there anything in the affidavit to indicate to what cause it relates. The defect in the affidavit can not be cured by a certificate from the clerk of the superior court that, after the affidavit was filed in his court, he indorsed upon the back thereof the title of this case. The clerk had no authority to do this.

2. The accused moved to quash the accusation on the ground that the act making penal the use of profane language in the presence of a female was unconstitutional, for the reason that it contained matter different from what was expressed in its title, and was an effort to amend a section of the code by a mere reference to the number of the section. We will not inquire whether or not these attacks upon the act are well founded, because the act was incorporated into the Code of 1895, and these defects if they exist, would not render invalid the section of the code embodying the act. *Central of Georgia Railway Company* v. *State,* 104 *Ga.* 831 (5).

3. While the evidence in this case amply supported a finding that the accused used the language charged in the accusation, it was not sufficient to authorize a finding that when he used the same he knew a female was within hearing, or that he used the same under such circumstances that he must have known this fact. It is true the language was used on a public road near a dwelling-house, and that a female was in the house and heard the

language, but it does not appear that the accused knew who constituted the members of the household of the man who owned the house.   Taking the evidence as a whole, it did not warrant the conviction of the accused of the offense charged in the accusation.

*Judgment reversed.   All concurring, except Fish, J., absent.*