## HARDIN *v.* THE STATE.

There being no evidence that the profane language alleged to have been used by the defendant in the presence of females was without provocation, or that the defendant knew of the proximity of the females, his conviction was contrary to law.

Submitted October 22, — Decided November 6, 1901.

Petition for certiorari.   Before Judge Reagan.   Monroe superior court.   August 3, 1901.

*Persons & Persons,* for plaintiff in error.
*O. H. B. Bloodworth, solicitor-general,* contra.

LEWIS, J. The plaintiff in error was convicted, in the city court of Forsyth, of the offense of using obscene and profane language in the presence of females.   The judge of the superior court of Monroe county refused to sanction his petition for certiorari, and he brought the case to this court by bill of exceptions.   There is no conflict in the evidence appearing in the petition for certiorari.   Several witnesses for the State swore that on the occasion of a Christmas-tree gathering in Monroe county, after the exercises were over, a number of those present went outside the building where the exercises were held, for the purpose of hitching up their teams to return home.   In the party were three ladies.   The defendant passed by where they were and went a distance of fifty or seventy-five yards in the direction of a gin-house.   There were others with the defendant, and when they got to the gin-house the defendant was distinctly heard to use certain profane language.   The profanity was used in a loud tone and could be plainly heard by the witnesses, and presumably by the ladies, who were not introduced as witnesses, but who, it was shown, were not deaf.   The time was near midnight and it was very dark, but all the witnesses identified the defendant by his voice, and one of them identified him by means of a lantern which the defendant had in his hand at the time the profanity was used.   All the witnesses (none of whom were nearer to the defendant than fifty or seventy-five yards at the time) swore that they did not know why he used the profane language.   It was not shown that the defendant knew that any ladies were within hearing distance at the time the language was used.   The defendant introduced no witnesses and made no statement.

The Penal Code, § 396, declares that any person who shall, *with-*

*out provocation,* use to or of another, and in his presence, oppro-
brious words or abusive language tending to cause a breach of the
peace, or who shall, *in like manner,* use obscene and vulgar or pro-
fane language in the presence of a female, etc., shall be guilty of a
misdemeanor.    Under this law, in order to sustain a conviction of
the offense of using opprobrious words to or of another, it must
clearly appear that the words were used without provocation, and
by the use of the words "in like manner" the legislature clearly
expressed an intention that the same rule should apply in cases of
using obscene, vulgar, or profane language in the presence of a fe-
male. Applying to this law the well-established rule of strict con-
struction for penal statutes, this court has held in the case of *Fuller*
v. *State,* 72 *Ga.* 213, that "Under an indictment for using oppro-
brious words, . . it is incumbent on the State to allege and prove
that such words were used without provocation.    Proof of the use
of opprobrious words alone is not sufficient, without showing the
circumstances or in any way proving want of provocation." In the
present case no effort was made by the State to show that the pro-
fane language used was without provocation, and hence the *Fuller*
case is squarely in point.

The State also failed to prove that the defendant knew of the
proximity of any females when he used the profane language which
the witnesses testified to having heard.    It is true that he passed
near them on his way to the gin-house, but the night was very
dark, and no presumption arises that he saw them.    It is also
worthy of notice that when the defendant passed the party in which
the ladies were the men were engaged in hitching up their horses,
and from aught that appears he might well have concluded that the
party had driven away by the time he arrived at the place where the
profane language was used.    In the case of *Parks* v. *State,* 110 *Ga.*
761, where this identical question arose, Mr. Justice Cobb used the
following language:    "While the evidence in this case amply sup-
ported a finding that the accused used the language charged in the
accusation, it was not sufficient to authorize a finding that when he
used the same he knew a female was within hearing, or that he
used the same under such circumstances that he must have known
this fact.    It is true the language was used on a public road near
a dwelling-house, and that a female was in the house and heard
the language, but it does not appear that the accused knew who

constituted the members of the household of the man who owned the house. Taking the evidence as a whole, it did not warrant the conviction of the accused of the offense charged in the accusation." The sentence last quoted is thoroughly applicable to the case under consideration, and it follows that the refusal of the court below to sanction the defendant's petition for certiorari was error.

*Judgment reversed. All the Justices concurring.*