FALLS CITY MANUFACTURING COMPANY *et al.* v.
ATHENS COCA-COLA BOTTLING COMPANY.

1. Affidavits made for use as evidence on the hearing of a proceeding to attach for contempt should be entitled in the cause.
2. If the affidavit is not formally entitled, but on its face identifies the case in which it is to be used, this will be sufficient to allow it to be admitted.
3. Where an application was made to enjoin unfair competition in trade and encroachment on a trademark, and an injunction was granted, a proceeding to have the defendant and its agents or officers attached for contempt, for violating such injunction, was one growing out of or connected with the original injunction case, and affidavits entitled in the name of such original case were not inadmissible in evidence, upon objection on the ground that they were not properly entitled.

4. That such affidavits were made after the grant of the injunction, and before commencement of proceedings to attach the defendants, did not render them inadmissible on the ground that they were entitled in the main cause, and were made before commencement of the proceeding in attachment.

5. If an affidavit has neither title nor reference, nor other indicia showing that it is to be used in a case, this defect can not be supplied by an affidavit of another person, that he prepared a form of affidavit for the witness to make for use in the case, but that the latter declined to execute it and afterwards made another affidavit, which was written on the back of the unsigned form which had been prepared.

6. Newspaper advertisements or articles not shown to have been either authorized or ratified by the respondents were not admissible on the hearing of a proceeding to attach such respondents for contempt. Nor was an assertion in one of such articles, that one of the respondents made certain statements, evidence of that fact, without more.

Submitted January 14,—Decided April 17, 1908.

Rule for contempt.    Before Judge Kimsey.    Stephens superior court.    May 31, 1907.

The Athens Coca-Cola Bottling Company made application to the superior court of Stephens county to have an attachment for contempt issued against the Falls City Manufacturing Company, and Clark, Roberts, and Eskew as individuals, for violating an ad interim injunction, granted by that court against the corporate defendant, its agents and servants, restraining them, until the final termination of the case, from infringing upon the trade-mark of the plaintiff, and from bottling or selling any bottles of the beverage or beverages referred to in their petition, and from using the name "Coca-Cola" upon its preparation or any similar preparation that might be gotten up. On the hearing, certain affidavits were admitted in evidence, over objection, the nature of which will sufficiently appear from the opinion. Two newspaper advertisements or articles were also admitted in evidence, over objection, which criticised the plaintiff, stated that it was "too late to begin the trade-mark hoodoo," announced the superiority of the beverage of the defendant company over that of the plaintiff, stated that "the whole thing is a bluff," and indulged in other like strictures upon the plaintiff and its suit. There was no evidence that the respondents caused or authorized these publications, though they appeared on their face to be in the interest of the defendant company. The court adjudged the respondents to be in contempt, and imposed fines upon them. They excepted.

*J. B. Jones,* for plaintiffs in error.

LUMPKIN, J. (After stating the foregoing facts.) 1-4. Affidavits should be entitled in the cause in which they are to be used as evidence. *Parks* v. *State,* 110 *Ga.* 760 (36 S. E. 73); *Hill* v. *McBurney Oil & Fertilizer Co.,* 112 *Ga.* 788, 791, 792 (38 S. E. 42, 52 L. R. A. 398); *Warren* v. *Monnish,* 97 *Ga.* 399 (23 S. E. 823). Where a proceeding in attachment is brought by one of the parties to a case, for the purpose of enforcing an interlocutory injunction granted in favor of one of the litigants against others, or praying a rule nisi and an attachment for its violation, this is so connected with the main suit, and growing out of it, that if affidavits are entitled in the name of the main case, they will not be subject to rejection from evidence on that ground, when offered on the hearing of the attachment proceeding. In such a case the proceeding in attachment is itself often stated in the same manner as the original case. A number of courts hold that it should be stated in the same way as the original case, though others hold that, even in what may be called remedial proceedings to punish for contempt, the case should be stated in the name of the State, the people, or the commonwealth, against the person sought to be attached. Fletcher's Eq. Pl. & Pr. §540, and cases cited; 4 Enc. Pl. & Pr. 77, 773. It would follow that, if it can be properly so stated, the affidavits may be likewise so entitled. The attachment here is of the character stated; and the taking of the affidavits before the application for the rule in attachment did not render them inadmissible on the hearing of the application. It has been held that the proceeding should be based on an affidavit or proof, where the violation of the injunction occurs out of the presence of the court. 4 Enc. Pl. & Pr. 779-80. If it is in the nature of a remedial proceeding connected with the main case, and an affidavit is made in the case for the purpose of procuring the issuance of an attachment nisi, stating the main case properly, there would seem to be no good reason why the same affidavit would have to be re-executed before it could be used in evidence. If the affiant made it for use in evidence in a branch of the main case, and it was so used, he would be subject to a prosecution for perjury, if it were knowingly and wilfully false. The reason generally advanced for the requirement that an affidavit should be entitled is that it must be made in a case, so as to subject the affiant

to the same penalty as any other witness, if he testifies falsely. This differs somewhat from the making of an affidavit as the commencement of a legal proceeding, where none exists. Some courts have held that an affidavit of the character last mentioned should not be entitled. If not necessary, it is not clear to the writer how the addition of the title of the case about to be commenced could hurt the affidavit. Moreover, it has been held in this State that perjury may be assigned upon an affidavit charging an offense, made for the purpose of procuring a warrant therefor. *Pennaman* v. *State,* 58 *Ga.* 336. That case is not identical with the one in hand, but is quite near to it. If an affidavit is made as the foundation for an attachment nisi, or to be used in evidence in attachment proceedings arising in connection with a violation of the injunction, and is actually so used, and is entitled in the injunction case, though made before the rule nisi in the attachment proceeding was issued, it would seem not to differ widely in principle from the other case. See 2 Chitty's Cr. L. 303-4.

5. One of the affidavits did not either by title or by any reference identify the case in which it was to be used. This was not cured by the affidavit of another person, who stated, that he had prepared a form of affidavit for the affiant, to be used on the hearing,—which fact appeared in the body of the form prepared,—but that it did not meet the approval of the person to whom it was presented, and later he made a different affidavit, which was written on the back of the same paper which contained the form to which he did not swear. It appears also that the form which was not employed was presented to the affiant in one county and the affidavit made later in another county. It did not appear that when the affiant made the affidavit, he saw or had his attention called to the reference to the case. The form had no title at the head. This does not come up to the intimation contained in *Hicks* v. *Portwood,* 129 *Ga.* 307 (58 S. E. 837).

6. The presiding judge admitted in evidence two advertisements or articles contained in a newspaper, and purporting to have emanated from the respondents or some of them. Objection was made on the ground that there was no proof that any of the respondents caused them to be published, and that they were mere hearsay. What is published in a newspaper can not be received as being the act of another person, not shown to have had any con-

nection with the publication of the paper, or to have authorized or ratified the publication of the article; nor is it alone evidence that such other person made statements so published. For such advertisements to have furnished evidence against the respondents, there should have been some evidence connecting them therewith. It is quite possible that a newspaper would not be likely to print an advertisement or article of the character of those here involved, without being requested to do so by some person. But the mere appearance of such an advertisement in its columns is not of itself proof as to who caused its publication. This evidence was very damaging to the respondents, and, being improperly admitted over objection, a reversal must result.

*Judgment reversed. All the Justices concur.*