18161.   FUTCH *v.* THE STATE.

1. "While the evidence in this case amply supported a finding that the accused used the language charged in the accusation, it was not sufficient to authorize a finding that when he used the same he knew a female was within hearing, or that he used the same under such circumstances that he must have known this fact. It is true the language was used on a public road near a dwelling house, and that a female was in the house, and [may have] heard the language, but it does not appear that the accused knew who constituted the members of the household of the man who owned the house. Taking the evidence as a whole, it did not warrant the conviction of the accused of the offense charged in the accusation."

2. The court erred in overruling the motion for a new trial.

DECIDED JULY 14, 1927.

Profane language in presence of female; from Evans superior court—Judge Daniel. April 14, 1927.

*C. L. Cowart,* for plaintiff in error.

*J. T. Grice, solicitor-general,* contra.

LUKE, J.   The defendant was convicted of using obscene, vulgar, and profane language in the presence of a female. There is evidence that the defendant used such language betwen 2:30 and 3 o'clock a. m., in the road, about sixty feet from a dwelling house. The contention of the State is that a female in the residence heard the language, for she was awake before and after the use of the profanity. The father of the female, who was the principal witness for the State and the prosecutor in the case, testified: "I do not know whether she was awake or not at that time. . . I can not say of my own knowledge whether she was awake when any of the cursing was done, nor can I say that she heard any of it." The only other witness for the State testified that the defendant "was not talking very loud." No witness swore that the female heard the language alleged to have been used by the defendant.

---

Criminal Law, 17 C. J. p. 252, n. 16.

Disorderly Conduct, 18 C. J. p. 1221, n. 87; p. 1227, n. 6.

The undisputed evidence was that the female in the residence had been living with her husband in Savannah. The prosecutor swore that he did not know whether the defendant knew of her presence in the residence or not. The defendant stated: "The last I knew of his daughter she was living in Savannah. I did not hear anybody say that she was there. . . I certainly did not know that Mr. Glisson's daughter was there." No witness swore that the defendant knew that the female was in the residence, or that the defendant had ever seen her there or in the community. Without knowledge of the female's presence in the residence, there would be no "criminal intent" to commit this crime. The prosecutor swore: "My feelings toward the defendant are not good, and I have plenty of reason for not feeling good toward him, as he has injured me $5000, and I don't have anything to do with him. His folks and my folks do not associate with each other."

"While the evidence in this case amply supported a finding that the accused used the language charged in the accusation, it was not sufficient to authorize a finding that when he used the same he knew a female was within hearing, or that he used the same under such circumstances that he must have known this fact. It is true the language was used on a public road near a dwelling house, and that a female was in the house and heard the language, but it does not appear that the accused knew who constituted the members of the household of the man who owned the house. Taking the evidence as a whole, it did not warrant the conviction of the accused of the offense charged in the accusation." *Parks* v. *State,* 110 *Ga.* 761, 762 (36 S. E. 73). The facts of the instant case furnish a stronger reason for a reversal than is shown in the decision in the *Parks* case. In that case (in which the judgment was reversed) the female "heard" the language, while in the instant case she may or may not have heard it. Furthermore, the fact that the prosecutor's daughter had been living in Savannah, and the families of the prosecutor and the defendant did not "associate with each other," makes it reasonable to suppose, in the absence of any positive evidence to the contrary, that the defendant did not know of the female's presence in the dwelling house. The evidence does not exclude every reasonable hypothesis save that of the guilt of the accused.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*