## STOTT v. LAMB.

No. 20368. Opinion Filed Sept. 22, 1931.

Rehearing Denied Oct. 27, 1931.

H. P. White, for plaintiff in error.

Gray & Palmer, for defendant in error.

HEFNER, J. The question involved in this appeal is: Can alimony, awarded a wife in a divorce action against her husband, be subjected to the payment of a debt contracted by the wife for her support pending the divorce action?

Appellant obtained a divorce from her

husband and in the decree was awarded alimony in the sum of $4,000. Pending the divorce action, she rented a house from Arthur H. Lamb, defendant in error, in which she lived until she obtained her divorce. Defendant in error had no knowledge of the divorce proceeding at the time the rental contract was entered into. After ascertaining that the suit was pending, he discussed the question of the payment of rent with appellant. She agreed to pay the rent out of the proceeds of any alimony that might be awarded in the action. She thereafter failed to pay the rent, and defendant in error obtained a judgment against her therefor in the sum of $150 in the justice of the peace court and in that action garnisheed her former husband. By agreement of the parties, the amount garnisheed was deposited with the court clerk of Osage county, subject to the order of the court. The trial court held the funds subject to garnishment and ordered that the same be paid to defendant in error.

Plaintiff in error herein, plaintiff in the divorce action, contends that the judgment of the trial court is erroneous for the reason that alimony awarded the wife in a divorce proceeding cannot be subjected to the payment of her pre-existing debts. The general rule is as contended by appellant. In vol. 1, R. C. L. p. 869, the following rule is announced:

"Although the courts in fixing the amount of alimony may pay more or less attention to the condition, habit of life and social position of the parties, it never loses its distinctive character of being an allowance solely for support and maintenance. It is merely a continuation of the marital obligation of support, and constitutes a debt only in the sense that the general duty over which the husband had a discretionary control has been changed into a specific duty over which not he, but the court, presides. Consequently, as alimony is intended solely for future maintenance, to subject it to the payment of the wife's debts which existed prior to the allowance thereof, even though they be of such a nature that the husband is liable therefor, would be to pervert the decree from its definite and intended purpose, to the detriment of the interest of the state upon which the award is partly founded. Accordingly, at no time and under no circumstances can alimony be lawfully subjected to the payment of a pre-existing debt. Creditors of this class have no cause of complaint, as they did not make their advances upon the credit of the alimony, and if the husband ever was liable, such liability has been in no way terminated."

The rule announced in the text seems to be supported by a uniform line of author-ities. We cite a few of them: Kingman v. Carter (Kan.) 54 Pac. 13; Fickel v. Granger (Ohio) 93 N. E. 527, 21 Ann. Cases, 1347; In re Le Claire, 124 Fed. 654; Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826; Andrews v. Whitney, 82 Hun, 117, 31 N. Y. S. 164; Brenger v. Brenger, 142 Wis. 26, 19 Ann. Cas. 1136, 125 N. W. 109.

The authorities also hold that alimony may be subjected to payment of a debt contracted by the wife for her support subsequent to the rendition of the decree where credit was given the wife on the strength of such allowance. Speaking on this question, vol. 1, R. C. L. 870, the author says:

"On the other hand, a debt contracted by the wife after the decree, presumably for her support, and with natural reliance upon the alimony by the creditor as the means of payment, stands upon a very different footing and may be satisfied from her alimony."

It occurs to us that the same rule should be applied where the contract is made by the wife for her support pending the divorce action. The authorities holding that alimony cannot be subjected to the payment of a pre-existing debt of the wife proceed on the theory that such allowance as to creditors does not constitute a debt, that it is an allowance for the future support of the wife, and that it would be against public policy to permit the allowance to be subjected to the payment of pre-existing debts of the wife. We fail to see wherein any rule of public policy would be violated by permitting the allowance to be subjected to the payment of a debt expressly contracted by the wife for her support pending the outcome of the divorce proceeding and with the understanding that it was to be paid out of any alimony that might be allowed her.

The garnishment proceedings in the instant case simply operated to impound the fund in order that it might be applied to the purpose for which alimony was allowed. The trial court ruled correctly in sustaining the garnishment.

Appellant further contends that the court was without jurisdiction to determine the question here involved in the divorce action. It appears that there was some controversy as to whether the garnishee should pay the fund garnisheed into the justice court, or whether it should be paid under the decree into the district court. It was agreed by all parties that it might be deposited with the court clerk to be paid out upon order of the

district court. Under the agreement, the court rightly assumed jurisdiction.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, Mc-NEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.