22236. LANGFORD, guardian, *v.* JOHNSON, administratrix, *et al.*

Decided February 10, 1933.

*Joseph M. Lang, Porter & Mebane,* for plaintiff.

*Little, Powell, Reid & Goldstein, M. B. Eubanks, James H. Therrell,* for defendants.

Guerry, J.   Ben Johnson, a minor, through his next friend and guardian O. C. Langford, filed his petition against Mrs. J. Lindsey Johnson as administratrix of the estate of J. Lindsey Johnson, deceased, and Mrs. J. Lindsey Johnson as administratrix de bonis non of the estate of M. F. Johnson deceased, and against the Fidelity and Deposit Company of Maryland and the American Bonding Company of Baltimore, sureties on the bond of J. Lindsey Johnson as administrator of the estate of M. F. Johnson, deceased.   The material allegations of the petition are that the plaintiff is 19 years of age; that he is the son and sole heir at law of M. F. Johnson, who died intestate in January, 1912; and that J. Lindsey Johnson was duly appointed administrator of the estate of M. F. Johnson, and as such administrator took possession and control of the assets of the estate and converted them into cash, and that they amounted to the sum of $20,000 over and above the debts and liabilities of the administration.   It was alleged further that before J. Lindsey Johnson had wound up the estate of M. F. Johnson or secured his discharge as administrator, he died on July 26, 1915, and that his wife Mrs. J. Lindsey Johnson was immediately appointed as administratrix of his estate.   It was also alleged that Mrs. J. Lindsey Johnson on November 1, 1915, was duly appointed as administratrix de bonis non upon the estate of M. F. Johnson, deceased.   This suit was brought originally as an equitable petition, and made various allegations as to the character and kind of estate, and prayed for an accounting.   The suit was then amended, and alleged in the amendment that when plaintiff filed his original petition he had no way of ascertaining how much the estate of his father amounted to, there having been no return filed in the court of ordinary; that in such original petition he prayed for an accounting, but that since the fil-

ing of the original petition the defendant Mrs. J. Lindsey Johnson, as administratrix of the estate of J. Lindsey Johnson, has filed her returns in the court of ordinary, which returns show that on May 5, 1915, J. Lindsey Johnson, as administrator of the estate of M. F. Johnson deceased, paid out from the funds in his hands as such administrator, the sum of $18,773.08, which aggregate sum was made up of payments in the sum of $2346.65 paid to each of the brothers and sisters of M. F. Johnson, deceased, naming them. Attached to the returns was a receipt, signed by all the named brothers and sisters, to J. Lindsey Johnson as administrator of M. F. Johnson deceased, reciting that the payment was "in full of my share of M. F. Johnson estate." This accounting, so far as the value of the M. F. Johnson estate was concerned, was accepted as being correct, and Mrs. J. Lindsey Johnson individually and as administratrix de bonis non was stricken as party defendant; and it was further alleged that the sum so paid out by J. Lindsey Johnson to his brothers and sisters and to himself, was wrongfully paid out and misapplied, and that he and his estate and the bondsmen were liable to the plaintiff for such sums.

Demurrers were filed by the parties defendant setting up that no cause of action was set forth and that no right to sue existed in the party plaintiff in this case. The court below sustained this demurrer, and upon this ruling the case was carried to the Supreme Court, but transferred to this court for determination for the reason that the amendment eliminated any equitable features in the case and left it as a common-law suit.

It is earnestly insisted by defendants in error that inasmuch as the petition did not affirmatively allege that Mrs. J. Lindsey Johnson, as administratrix de bonis non of the estate of M. F. Johnson, failed to sue for the devastavit, the plaintiff in this case was not entitled to proceed. Mrs. J. Lindsey Johnson, administratrix de bonis non of the estate of M. F. Johnson, is the person in whom ordinarily is vested the right to sue a removed or deceased administrator of such estate for an alleged devastavit; but since the pleadings show that she is also the administratrix of the estate of the deceased administrator who is alleged to have committed the devastavit, and since the pleadings show also that she has acted in both capacities since the year 1915, and that up to the filing of this suit in 1930 she made no returns nor brought any action for such alleged devastavit,

it was not necessary for the plaintiff in this case to make the specific allegation that the administratrix de bonis non had failed to sue. The facts and circumstances of the case speak for themselves. There was no duty resting on the heir to have an administratrix de bonis non appointed who was qualified. The language of the statute is, "if there be no administrator de bonis non, or if he fails to bring the removed administrator to account, the heirs at law may sue directly for account and settlement." Civil Code (1910), § 3982.

The court erred in sustaining the demurrer.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*