SHANAHAN v. KLYN.

GARNISHMENT—ALIMONY—STIPULATION.

> Sum, due from husband under stipulation in divorce proceeding which had not been incorporated in modified decree and which merely amounted to wife's receipt or forgiveness of portion of alimony then due, *held*, not subject to garnishment by judgment creditor of wife.

SHARPE, C. J., and POTTER and WIEST, JJ., dissenting.

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 17, 1934. (Docket No. 113, Calendar No. 37,247.) Decided July 2, 1934.

Garnishment proceedings by Camilla Shanahan, doing business as La Mode Chez Nous, against Geneva V. Klyn, principal defendant, and George B. Klyn, garnishee defendant. Judgment for garnishee defendant. Plaintiff appeals. Affirmed.

*Dunham & Sherk,* for plaintiff.

*Knappen, Uhl, Bryant & Snow,* for garnishee defendant.

FEAD, J. Alimony is a matter of decree of court, not of contract. *Eddy* v. *Eddy,* 264 Mich. 328. A stipulation of parties does not modify a decree. The stipulation at bar was not incorporated into a modified decree by the court and, therefore, amounted to no more than an agreement, or a receipt or forgiveness of the alimony due in excess of $400. The $400 was owing, not as a debt by private agreement but by force of the decree, and remained enforceable under it by contempt proceedings.

Judgment affirmed, with costs.

NORTH, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with FEAD, J.

NELSON SHARPE, C. J. (*dissenting*). About the year 1920 (the record does not disclose the exact date) a decree of divorce was granted to the principal defendant, Geneva V. Klyn, from her then husband, the garnishee defendant, George B. Klyn. It contained a provision that he should pay to her the sum of $350 per month for the support of herself and their minor daughter, Louise. He got behind in his payments, and by stipulation filed in said cause on or about January 20, 1932, it was agreed that he should pay to her the sum of $400 for all claims of past due alimony and $200 per month thereafter.

In 1930, Mrs. Klyn sought and obtained credit from the plaintiff for the purpose of properly equipping her daughter, Louise, with clothing for a contemplated trip abroad, and promised to pay the same out of her alimony allowances. She made no effort to do so, and in an action brought therefor the plaintiff recovered a judgment against her on November 1, 1932, in the sum of $1,056.94.

A writ of garnishment was thereafter served on George B. Klyn. In his disclosure he stated that he was indebted to the principal defendant in the sum of $275, the balance of the $400 due her under the terms of the stipulation, and in default in his monthly payments in the sum of $150. On the trial of the statutory issue a judgment was entered in favor of the garnishee defendant, from which the plaintiff, by leave of the court, has taken this appeal.

No brief has been filed on behalf of the principal defendent. The garnishee defendant "makes no argument as to the law of the case." His only inter-

est is in not being "subjected to double payment of alimony."

There is authority sustaining plaintiff's claim that an allowance for alimony may be subjected to the payment of a debt contracted by the wife after decree for her support or that of a minor child. I R. C. L. p. 869; 19 C. J. p. 298, and cases cited. In this State, however, this court is committed to the rule that an action at law may not be maintained upon a provision for alimony in a divorce decree (*Nixon* v. *Wright,* 146 Mich. 231, 10 Ann. Cas. 547), and that:

"An action in garnishment is an action of law and it cannot be maintained on a decree for alimony —for a periodical allowance." *Toth* v. *Toth,* 242 Mich. 23, 27 (56 A. L. R. 839).

As to the $275 unpaid on the stipulation filed in which the claim for alimony then due was settled at $400, a different question is presented. This sum was not payable to her under the decree of the court, and could not have been enforced by her in the manner provided for in the statute. It became a debt owing to her by Mr. Klyn, and for the recovery of which she would have been compelled to resort to a court of law. As such it was subject to garnishment under our statute. 3 Comp. Laws 1929, § 14857.

The judgment entered should be reversed and set aside and the cause remanded, with direction to the trial court to enter a judgment for the plaintiff against the garnishee defendant in the sum of $275. No costs should be allowed.

POTTER and WIEST, JJ., concurred with NELSON SHARPE, C. J.