### MONTGOMERY *v.* MONTGOMERY.

ATKINSON, Justice. 1. On January 8, 1934, a married woman living separately from her husband instituted an action in the superior court of Baldwin County for permanent alimony, temporary alimony, and attorney's fees, the alleged cause of separation being specified acts of cruel treatment. The petition was duly sanctioned by order of the judge, which, after stating the title of the case and the term to which it was returnable, directed the defendant to show cause "before me at my office, at Greensboro, Georgia, on the 9th day of February, 1934, at the hour of 10:00 a. m., e. s. t., why the prayers of said petition should not be granted," and "that said hearing be by affidavits and documentary evidence." At the appointed time and place in vacation the case came on for a hearing in relation to the grant of temporary alimony and attorney's fees. Certain affidavits offered by defendant, which did not show a caption, contained the clause: "This affidavit is made for the purpose of being used as evidence for the defendant in the case of Mrs. Mae Wal-

ler Montgomery vs. William Hugh Montgomery, at the hearing to be had at Greensboro, on February 9th, 1934, at 10 o'clock a. m. *Held*, that this clause was a sufficient identification of the case in which the affidavits were intended to be used. *Falls City Manufacturing Co.* v. *Athens Coca-Cola Bottling Co.*, 130 *Ga.* 559 (2) (61 S. E. 230) ; *Brucker* v. *O'Connor*, 115 *Ga.* 95 (2) (41 S. E. 245) ; *Warren* v. *Monnish*, 97 *Ga.* 399 (23 S. E. 823).

2. In view of the issues as to acts of cruel treatment alleged by the plaintiff. and denied in the answer of the defendant, it was permissible for the defendant to introduce evidence as to his good character. *Shropshire* v. *State*, 81 *Ga.* 589-592 (8 S. E. 450).

3. On conflicting evidence upon the question of cruel treatment, and whether the plaintiff voluntarily left the defendant's home without just cause, the judge did not abuse his discretion in declining to grant the prayer for temporary alimony and attorney's fees. *Pearson* v. *Pearson*, 125 *Ga.* 132 (54 S. E. 194).        *Judgment affirmed. All the Justices concur.*

No. 10288.   JANUARY 18, 1935.

*R. C. Jenkins* and *D. D. Veal*, for plaintiff.
*C. A. Giles* and *Sibley & Allen*, for defendant.