## TRUST COMPANY OF GEORGIA, executor, *et al. v.* BROWN *et al.*

No. 12253.   JUNE 14, 1938.

*Mitchell & Mitchell* and *Spalding, MacDougald & Sibley,* for plaintiffs in error.

*Arnold, Gambrell & Arnold, Whitaker, Whitaker & Terrell, M. J. Yeomans, attorney-general, Ellis G. Arnall, O. H. Dukes, Marion Smith,* and *Hamilton Lokey,* contra.

RUSSELL, Chief Justice. In this case the defendants in error have made a motion to dismiss the writ of error, upon the ground, in brief, that the executor and trustee is not an aggrieved party, and has no right, under the Code, § 6-1202, to file the bill of exceptions. It is provided in the section cited that "No party shall be considered as interested in the litigation in the appellate court who will not be affected by the judgment to be rendered in that particular case, such as sheriffs upon a money rule when the contest is between various claimants of the fund and not between the sheriff and any one of them, or a receiver occupying a similar relation, or a complainant in a bill of interpleader, and other parties occupying similar positions." So far as appears from the record, the Trust Company of Georgia individually has no interest which can be recognized in this appeal. It is not a party in its individual

capacity, nor can it be recognized in this court that the Trust Company of Georgia, as executor and trustee under the will of Florence H. Brownell, has taken a position in favor of that estate against itself in its representative capacity as executor and trustee under the will of Francis E. Brownell. The position which the plaintiff in error has taken, if sustained, would result in the remainder of the estate of Francis E. Brownell being held and administered as part of the estate of Florence H. Brownell; whereas, if the judgment of the trial court stands, the remainder of the estate of Francis E. Brownell will be administered only by the executor under that will. And no person, whether corporate or natural, could appeal in a suit as executor and trustee of one estate against itself as executor and trustee of another estate. *Langford* v. *Johnson,* 46 *Ga. App.* 444 (167 S. E. 779). It does not appear that the estate of Florence H. Brownell would be improved or added to in any way by a reversal of the judgment complained of in the bill of exceptions. The property in question was left by Florence H. Brownell under power, and under no circumstances can it be administered except as a part of the estate of Francis E. Brownell, and the executor can receive its commissions for handling that property only as executor under the will of Francis E. Brownell. *Jackson* v. *Franklin,* 179 *Ga.* 840 (177 S. E. 731). Even if the Trust Company of Georgia would be entitled to an additional commission by the establishment of the trust fund which Florence H. Brownell attempted to provide under the power given under her husband's will, still the Trust Company of Georgia, not being a party to this proceeding in its individual capacity, is not in a position to urge a position for its individual advantage, when neither of the estates it represents will be benefited thereby. The executor asks by petition that the court would construe the wills and direct it, as it was in serious doubt as to how to act. In these circumstances it does not seem to us that it has the right, as a stakeholder, to complain, in the capacity of an aggrieved party, of the construction which it itself invoked.

*Writ of error dismissed. All the Justices concur, except Atkinson, P. J., disqualified.*