26869. WATSON *v.* THE STATE.

Decided October 25, 1938.

   *Moon & Ray,* for plaintiff in error.
   L. L. Meadors, solicitor, *Wyatt & Morgan,* contra.

   Guerry, J.   The defendant was convicted of the offense of using profane and obscene language in the presence of a female. He excepted to the overruling of his motion for new trial.   The evidence disclosed substantially the following facts:   After sundown on the day set forth in the indictment, the defendant drove his car to the house occupied by J. M. Smedley and his mother, and stopped out in front.   He had in the car a companion who the witness Smedley presumed to have been his wife.   He went to the front door and knocked.   Getting no answer, he then went to a side door and knocked.   Still getting no answer he started back to his car, and when he "got to the step place where you step over the log" he said, "Aw hell, I can't get the G——d—— son of a b—— to the door.   If he wants to get horsey about it in the morning

when I come back through, I will stomp his d—— brains out."
Smedley and his mother were in the house and within the hearing of the defendant's voice. There had been a misunderstanding between the parties concerning the closing of a private way by Smedley. The defendant knew that Smedley and his mother lived in this house.

While it is true that it has been held that to make out a case under the Code, § 26-6303, it is necessary for the State to show not only that the language was used in the presence and hearing of a female, but that the defendant knew, or as a reasonable man should have known, of the presence of the female (*Parks* v. *State,* 110 *Ga.* 761, 36 S. E. 73; *Hardin* v. *State.* 114 *Ga.* 58, 39 S. E. 879; *Futch* v. *State,* 37 *Ga. App.* 116, 139 S. E. 109; *Strickland* v. *State,* 14 *Ga. App.* 471, 81 S. E. 361), yet, if we correctly understand this principle, it is only necessary thereunder that the evidence show that the defendant used the language with the intent that any female within the range of his voice should hear the same, and under such circumstances that it was reasonable for the defendant (as a reasonable man) to believe that a female might be within the range of his voice. See *Brady* v. *State,* 48 *Ga.* 311; *Roberts* v. *State,* 123 *Ga.* 505 (51 S. E. 505). Taking only the language used by the defendant, it indicates that he knew or believed that Smedley and his mother were at home but would not come to the door, and that if they were at home he fully intended that they should hear his language. The jury were authorized to so find, and we can not upset their verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*