JOEL BAILEY DAVIS INC. *v.* POOLE *et al.*

No. 14258. NOVEMBER 10, 1942.

826

*Luther Alverson* and *Newell Jones,* for plaintiff in error.

*Emory W. Fountain, James A. Branch, Thomas B. Branch, Jr.,* and *James A. Branch Jr.,* contra.

BELL, Presiding Justice. Notwithstanding there was a decree· of divorce as well as a judgment for alimony, the parties to this judgment may for convenience be referred to as the husband and the wife. The obligation of a husband to provide support and maintenance for his wife is a duty imposed by law, and for that reason can not be classified with other obligations which do not involve similar duties. *Green* v. *Beaumont,* 179 *Ga.* 804 (177 S. E. 572). The duty is one in which the public has an interest, and a judgment based thereon, awarding alimony for the wife's future· maintenance, simply recognizes a continuation of the duty and compels its performance. *Lewis* v. *Lewis,* 80 *Ga.* 706 (6 S. E. 918, 12 Am. St. R. 281) ; *Estes* v. *Estes,* 192 *Ga.* 94, 96 (14 S. E. 2d, 681). The garnishment law must be considered in connection with the law relating to alimony, and be so construed and ap-· plied as not to defeat its controlling purpose. Code, §§ 30-201, 46-201. Accordingly, although a judgment by a superior court of this State requiring a husband to pay to his wife a fixed sum monthly as permanent alimony may for, some purposes be classed.

as a debt, it is more than an ordinary debt; and whether it might in any event be subject to the process of garnishment, it could not be subjected to such process, where to do so would pervert the decree from its intended purpose of providing a support for the wife.

While some courts, in determining whether such a judgment for alimony might be reached by the wife's creditors, have made a distinction between debts contracted by her before and after the decree, and have generally given no standing whatever· to such pre-existing debts of the wife, a debt subsequently incurred by her, if contracted for her support and maintenance, may stand upon a different footing. Whether in the latter case the judgment for alimony might be subject to garnishment at the instance of the wife's creditor, no such proceeding would be authorized where the debt ·of the wife does not represent a liability for necessaries and bears no relation to her maintenance and support. In the instant case it appeared that although the debt in question was incurred after the decree for alimony, it arose merely by reason of a sale of merchandise to a mercantile partnership of which the wife was a member; and there being nothing further to show that it was in any way connected with her maintenance and support, the judge did not err in holding that the judgment for alimony was not subject to the process of garnishment, and in awarding the fund to her rather than to her creditor. Whether the garnishment might .have been sustained in other circumstances need not be decided. On the general subject, see *Bates* v. *Bates,* 74 *Ga.* 105; *Knox* v. *Knox,* 148 *Ga.* 253 (96 S. E. 337) ; *Caldwell* v. *Central of Georgia Railway Co.,* 158 *Ga.* 392 (123 S. E. 708) ; *Montgomery* v. *Montgomery,* 180 *Ga.* 120 (177 S. E. 337) ; *Kirby* v. *Johnson,* 188 *Ga.* 701 (2 *b*) (4 S. E. 2d, 643) ; *Hannah* v. *Hannah,* 191 *Ga.* 134 (11 S. E. 2d, 779) ; *Attaway* v. *Attaway,* 193 *Ga.* 51 (17 S. E. 2d, 72) ; Fickle *v.* Granger, 83 Ohio, 101 (93 N. E. 527, 32 L. R. A. (N. S.) 270, note) ; Schooley *v.* Schooley, 184 Iowa, 835 (169 N. W. 56, 11 A. L. R. 110, note) ; Malone *v.* Moore, 204 Iowa, 625 (215 N. W. 625, 55 A. L. R. 356, note) ; 4 Am. Jur. 651, § 160; 17 Am. Jur. 410, 415, §§ 501, 508.

Since the judgment must be affirmed, and our decision can therefore do no harm to Harry G. Poole Jr., it is unnecessary to ·rule on his motion to dismiss the writ of error as to him. Cf.

*Green* v. *Perryman,* 186 *Ga.* 239 (197 S. E. 880) ; *Trust Co. of Georgia* v. *Brown,* 186 *Ga.* 496 (197 S. E. 803).

*Judgment affirmed. All the Justices concur.*