61626. COLUMBUS PERSONNEL SERVICE v. GACHETTE.

McMURRAY, Presiding Judge.
This action was initiated when a summons of garnishment was served upon Walter Owens (defendant's attorney) and another upon James L. Stubbs, Clerk of the Superior Court of Muscogee County (the trial court). The summonses of garnishment were predicated on a verdict rendered in the Municipal Court of Columbus, Georgia, in favor of plaintiff and against defendant. Defendant traversed plaintiff's garnishment affidavit on the grounds that it was legally

insufficient for the reason that the sums which plaintiff was seeking to reach by its summonses of garnishment on Owens and Stubbs were fixed alimony and child support not subject to garnishment at the instance of the creditor. The answers of the garnishees revealed that the clerk of the Superior Court of Muscogee County was custodian of a sum paid into the registry of the trial court as the proceeds of another garnishment proceeding in which the defendant in the case sub judice was the plaintiff against her husband for alimony and child support arrearages.

The trial court entered its findings of fact and conclusions of law on defendant's traverse of plaintiff's garnishment affidavit. The trial court's findings of fact specifically held that the sums paid into the registry were based on a prior alimony judgment of the trial court. The trial court concluded that property or funds in the hands of the clerk of the court or an attorney as proceeds of an award of alimony for support of the wife or for the support of the child are exempt from the process of garnishment. The summonses of garnishment directed to the clerk of the Superior Court of Muscogee County and defendant's attorney were dismissed. Plaintiff appeals. *Held:*

In construing our garnishment laws in connection with the law relating to alimony, consideration will be given to avoiding any defeat of the public policy considerations upon which the alimony law is predicated. The paramount rule as stated in *Joel Bailey Davis Inc. v. Poole,* 194 Ga. 824, 827 (22 SE2d 795), is "whether [permanent alimony] might in any event be subject to the process of garnishment, it could not be subjected to such process, where to do so would pervert the decree from its intended purpose of providing support for the wife." Although distinctions might arguably be made with reference to whether the debt in question is contracted by the former wife before or after the divorce decree, it is the clear holding of *Joel Bailey Davis Inc. v. Poole,* 194 Ga. 824, 826, supra, that where a debt is not in any way connected with the former wife's maintenance and support the judgment of alimony is not subject to the process of garnishment for collection of such debt.

Although plaintiff in its arguments before this court (by way of its brief) contends that the debt and judgment against defendant arose from services provided for the maintenance and support of the defendant so as to place the facts of the case sub judice without the narrow holding of *Joel Bailey Davis Inc. v. Poole,* 194 Ga. 824, supra, these factual assertions are contained only in plaintiff's brief and are entirely unsupported by the record transmitted by the clerk of the trial court to this court. This court must render its decisions based on the record as transmitted to this court by the clerk of the trial court and may not rely upon factual assertions contained in the briefs of the

parties unsupported by the record before the trial court and transmitted to this court. *Mutual Fed. Savings & Loan Assn. v. Reynolds,* 147 Ga. App. 810, 811 (250 SE2d 556); *First Nat. Bank v. McClendon,* 147 Ga. App. 722, 723 (250 SE2d 175).

The burden of showing harmful error rests with the appellant (plaintiff in the case sub judice) and this it must do by the trial court record. The plaintiff has failed to sustain, by the trial court record, its contention that the judgment against defendant is predicated upon a debt arising from defendant's support and maintenance. Under these circumstances the judgment must be affirmed. *Mark Trail Campgrounds v. Field Enterprises,* 140 Ga. App. 608, 609 (231 SE2d 468).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED APRIL 15, 1981 ▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

*Jerry D. Sanders,* for appellant.
*J. Walter Owens,* for appellee.