STONE, Judge.
A former husband appeals from an order holding him in contempt for failure to pay alimony. The appellant defended on the theory that he was obligated to withhold the alimony payments pending the outcome of garnishment proceedings that had been instituted against him as a garnishee. The garnishment involved a judgment against both the appellant and the appellee. The garnishment statute, section 77.06, Florida Statutes, provides that a garnishee is liable to the creditor for all “debts” due to the debtor defendant. The appellant contends that alimony is a debt.
The trial court determined that the alimony obligation was not subject to garnishment because section 222.11, Florida Statutes, exempts wages due for personal labor or services. The court also found alimony to be exempt from garnishment under the Federal Wage Garnishment Act, 15 U.S.C. section 1673. That statute limits the percentage of wages subject to garnishment and gives priority to orders of support.
Although we agree with the appellant’s argument that the payment of alimony is not compensation for personal labor and services rendered, we nevertheless affirm the order of the trial court on grounds of public policy. Additionally, alimony is not considered a “debt” in the traditional sense. Cf. State ex rel. Krueger v. Stone, 137 Fla. 498, 188 So. 575 (1939); Howard v. Howard, 118 So.2d 90 (Fla. 1st DCA), cert. denied, 122 So.2d 409 (Fla.1960).
We note that the same public policy behind section 222.11 and the federal act, which prevents the debtor, and his or her family, from being a charge on the public, applies equally to the debtor who is dependent, in whole or in part, on alimony for support. Cf. Killian v. Lawson, 387 So.2d 960 (Fla.1980); Holmes v. Blazer Financial Services, Inc., 369 So.2d 987 (Fla. 4th DCA 1979). The policy considerations favoring the protection of support and alimony payments from the garnishment of creditors are readily apparent. See Joel Bailey *198 Davis Inc. v. Poole, 194 Ga. 824, 22 S.E.2d 795 (1942); Columbus Personnel Service v. Gachette, 158 Ga.App. 298, 279 S.E.2d 746 (1981); Siver v. Shebetka, 245 Iowa 965, 65 N.W.2d 173 (1954); Wright v. Wright, 93 Conn. 296, 105 A. 684 (1919); Shanahan v. Klyn, 268 Mich. 120, 255 N.W. 733 (1934).
The order holding the appellant in contempt is affirmed.
HERSEY, C.J., and GUNTHER, J., concur.