In re Lenore Berry Ross
STOREY, Debtor.

BRADFORD FURNITURE
CO., INC., Plaintiff,

v.

Lenore Berry Ross STOREY and Robert
H. Waldschmidt, Trustee,
Defendants.

Robert H. WALDSCHMIDT, Trustee,
Counter–Plaintiff,

v.

BRADFORD FURNITURE CO.,
INC., Counter–Defendant.

Bankruptcy No. 93–08973–KL3–7.
Adv. No. 394–0055A.

United States Bankruptcy Court,
M.D. Tennessee.

Sept. 27, 1994.

Steve Lefkovitz, Nashville, TN, for Lenore Berry Ross Storey, debtor.

Robert H. Waldschmidt, Howell & Fisher, Nashville, TN, for Robert H. Waldschmidt, Trustee.

Steve Jordan, Franklin, TN, for Bradford Furniture Co., Inc.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

This is a battle between the debtor, a garnishing creditor and the Chapter 7 trustee over unpaid alimony owed to the debtor. Because garnishment of unpaid alimony is not prohibited by Tennessee law and because a Tennessee debtor's exemption in unpaid alimony is effective only with respect to alimony that becomes due more than 30 days after assertion of the exemption, the garnishing creditor defeats both the debtor and the trustee to the extent of its claim. The respective rights of the debtor and the Chapter 7 trustee in the balance of the alimony payable to the debtor turn on questions of first impression under Tennessee law which are most appropriately addressed through certification to the Supreme Court of Tennessee. The following are findings of fact and conclusions of law. FED.R.BANKR.P. 7052.

## I

This debtor, Lenore Storey, was divorced in February 1991. Her former husband, Carl Storey, was ordered to pay alimony of $2,500 a month for 36 months.

Prior to the divorce, the debtor bought furniture from Bradford Furniture Company on installment sales contracts. The debtor defaulted on those contracts. On November 1991, Bradford obtained a judgment against the debtor for $33,117.83.

On November 20, 1992, Bradford served a garnishment on Carl Storey, who was in arrears on his alimony payments, to collect its judgment against the debtor. On January 8, 1993, the debtor filed a claim of exemption pursuant to TENN.CODE ANN. § 26–2–111(1)(E)[1] with the Chancery Court of Davidson County, Tennessee, to halt Bradford's garnishment.

On November 17, 1993, the debtor filed a Chapter 7 petition. Two days later, Carl Storey paid $10,000 to resolve a state court contempt proceeding for nonpayment of alimony. That $10,000 is in an escrow account maintained by the debtor's divorce attorney.

On January 24, 1994, the debtor filed bankruptcy schedules, again claiming an ex-

---

**1.** Section 26–2–111(1)(E) provides:
[T]he following shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee:
　(1) The debtor's right to receive:
　　\* 　 \* 　 \* 　 \* 　 \* 　 \*
　(E) Alimony to the extent that payment becomes due more than thirty (30) days after

the debtor asserts a claim to such exemption in any judicial proceeding. . . .
　TENN.CODE ANN. § 26–2–111(1)(E) (Michie 1980 & Supp.1994).

emption in alimony—past, prospective and escrowed—pursuant to TENN.CODE ANN. § 26–2–111(1)(E). The trustee and Bradford objected to the debtor's exemption. Bradford brought this adversary proceeding against the debtor and the Chapter 7 trustee to determine the validity and extent of its prepetition garnishment lien on the alimony owed the debtor. The trustee counterclaimed to avoid Bradford's lien pursuant to 11 U.S.C. § 544.

## II

■ The trustee contests Bradford's garnishment lien on the theory that unpaid alimony is not subject to garnishment to satisfy pre-divorce debts. There is authority from other jurisdictions recognizing a "public policy" exception to the execution rights of judgment creditors with respect to alimony. *See, e.g., Waters v. Albanese,* 547 So.2d 197 (Fla. Dist.Ct.App.1989); *Columbus Personnel Svcs. v. Gachette,* 158 Ga.App. 298, 279 S.E.2d 746 (1981); *Joel Bailey Davis, Inc. v. Poole,* 194 Ga. 824, 22 S.E.2d 795 (1942); *Davis v. Davis,* 15 Wash.2d 297, 130 P.2d 355, 359 (1942); *Fickel v. Granger,* 83 Ohio St. 101, 93 N.E. 527 (1910); *Kingman v. Carter,* 8 Kan.App. 46, 54 P. 13 (1898); *Romaine v. Chauncey,* 129 N.Y. 566, 29 N.E. 826 (1892); *Malone v. Moore,* 204 Iowa 625, 215 N.W. 625 (1927); *Scott v. Lamb,* 152 Okl. 145, 3 P.2d 1045 (1931); *Brenger v. Brenger,* 142 Wis. 26, 125 N.W. 109 (1910). *See also* 24 AM.JUR.2d *Divorce and Separation* § 536 (1983).

No Tennessee decision has been found approving a public policy exemption from garnishment for alimony. More importantly, in 1980 the Tennessee legislature enacted a limited statutory exemption from execution for alimony. *See* Personal Property Owner's Rights and Garnishment Act, 1980 Tenn.Pub. Acts, Ch. 919 § 4 (codified at TENN.CODE ANN. § 26–2–111, reproduced above).

The Tennessee legislature has stated the "public policy" of Tennessee with respect to the garnishment of alimony: alimony can be garnished except "to the extent that payment becomes due more than 30 days after the debtor asserts [a claim of exemption] in any judicial proceeding." TENN.CODE ANN. § 26–2–111(1)(E). The "public policy" exception argued by the trustee would be greater than and inconsistent with Tennessee law.

■ Bradford served a garnishment on Carl Storey on November 20, 1992. Service of the garnishment fixed a lien upon the unpaid alimony in the hands of the garnishee. *Perry v. General Motors Acceptance Corp. (In re Perry),* 48 B.R. 591, 594–95 (Bankr. M.D.Tenn.1985); *Eggleston v. Third Nat'l Bank (In re Eggleston),* 19 B.R. 280, 284 (Bankr.M.D.Tenn.1982) (quoting *Beaumont v. Eaton,* 59 Tenn. (12 Heisk.) 417, 418–21(1873)). Bradford's lien attached to all alimony due the debtor through February 7, 1993, 30 days after she asserted a claim to exemption in the Chancery Court. *See* TENN.CODE ANN. § 26–2–111(1)(E).

## III

The debtor's divorce counsel holds $10,000 in escrow, paid by Carl Storey on account of alimony arrearages. Because more than $10,000 of alimony was due and unpaid before February 7, 1993, Bradford's lien attached to those funds and they first must be applied to satisfy Bradford's lien. *See English v. King,* 57 Tenn. (10 Heisk.) 666, 673–74 (1873); *Stone v. Abbott,* 62 Tenn. (3 Baxt.) 319, 320 (1874); *Gilliland v. Cullum,* 74 Tenn. (6 Lea.) 521 (1880); *Arledge v. White,* 38 Tenn. (1 Head) 241, 242 (1858); *see generally First State Bank v. SouthTrust Bank,* 519 So.2d 496, 497 (Ala.1987) ("[I]t is generally true that a garnishment lien attaches on the date of the service and that priorities are determined as of that date...."); 38 C.J.S. *Garnishment* § 184 (1943 & Supp.1994) ("A prior garnishing creditor is ... entitled to have the property or effects in the hands of the garnishee applied to the satisfaction of his claim to the exclusion of subsequent garnishing creditors.").

## IV

■ The debtor had a legally enforceable right to unpaid alimony at the filing of this

Chapter 7 case. *See* TENN.CODE ANN. § 36–5–101(a)(2) (Michie 1991 & Supp.1994). The filing created a bankruptcy estate comprised of all property in which the debtor held a legal or equitable interest. 11 U.S.C. § 541(a)(1). The debtor's interest at the petition in unpaid alimony became property of this Chapter 7 estate. *See In re Anders*, 151 B.R. 543, 547 (Bankr.D.Nev.1993); *In re Ross*, 128 B.R. 785, 787 (Bankr.C.D.Cal. 1991).

The debtor argues that unpaid alimony due after February 7, 1993 is exempt property in this bankruptcy case because the debtor claimed an exemption pursuant to TENN. CODE ANN. § 26–2–111(1)(E) on January 8, 1993 in the Chancery Court litigation with Bradford. The trustee responds that the debtor's exemption in alimony under TENN. CODE ANN. § 26–2–111(1)(E) was not effective until February 23, 1994—30 days after the debtor claimed an exemption in alimony in this bankruptcy case.

■ The extent of this debtor's exemption in unpaid alimony under TENN.CODE ANN. § 26–2–111(1)(E) is determined by Tennessee law. *See, e.g., Forbes v. Lucas (In re Lucas)*, 924 F.2d 597, 599 n. 4 (6th Cir.1991) ("If an individual state has opted-out of the federal scheme, the only exemptions available to the debtor are those created by the state. Tennessee is one of a substantial number of states which has opted-out of the federal scheme."). TENN.CODE ANN. § 26–2–111(1)(E) is ambiguous: it could be read that the first claim of exemption in alimony "in any judicial proceeding" is good against the world, forever—it precludes all subsequent efforts at execution, seizure or attachment;

or, it could be read that a claim of exemption in alimony precludes only the execution, seizure or attachment with respect to which the exemption is asserted.

■ This Chapter 7 trustee's rights in the alimony that became due the debtor before February 23, 1994 depend upon resolution of the ambiguity in TENN.CODE ANN. § 26–2–111(1)(E). No reported Tennessee decision has been found addressing the issue. The legislative history of the 1980 enactment is not instructive.[2]

Because the answer to this question arguably will affect the exemption rights of all citizens who permanently reside in Tennessee and receive alimony, the courts of Tennessee should first be given the opportunity to interpret § 26–2–111(1)(E). Pursuant to Rule 23 of the Rules of the Supreme Court of Tennessee,[3] this court will certify the following question of state law to the Supreme Court of Tennessee:

> Which of the following is the correct interpretation of TENN.CODE ANN. § 26–2–111(1)(E):
>
> (1) Once asserted in any judicial proceeding, the exemption in alimony described in TENN.CODE ANN. § 26–2–111(1)(E) is effective with respect to all subsequent executions, seizures or attachments of alimony; or
>
> (2) The exemption in alimony described in TENN.CODE ANN. § 26–2–111(1)(E) is effective only if claimed in each judicial proceeding in which execution, seizure or attachment of alimony is sought.

## V

Bradford holds an unavoidable lien up to the amount of its claim against all unpaid

**2.** The statute, as originally enacted, did not provide any exemption for alimony. After this omission was brought to the attention of the bills' sponsors, consideration was reopened. The alimony exemption was added to the statute without significant explanation or debate. Tenn.Senate Bill 1346, S–112 (April 17, 1980); Tenn. House Bill 1232, H–145 (April 17, 1980).

**3.** Rule 23 of the Rules of the Supreme Court of Tennessee, as amended on July 25, 1994, provides:

> The Supreme Court may, at its discretion, answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, or *a District Court of the United States in Tennessee*. This rule may be invoked when the certifying court determines that, in a proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee.

alimony due the debtor through February 7, 1993. This lien attached to the money held in escrow by the debtor's divorce counsel. Any excess, and all alimony arrearages accruing through February 23, 1994 are property of this Chapter 7 estate. The extent of the debtor's exemption right, if any, in the balance of the unpaid alimony (after satisfaction of Bradford's lien) will be determined after resolution of the question certified to the Tennessee Supreme Court.

An appropriate order and Certification of Questions will be entered.

### ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DECREED that Bradford Furniture Company, Inc. holds an unavoidable lien up to the amount of its claim against all unpaid alimony due the debtor through February 7, 1993. Bradford's lien attaches to the $10,000 held in escrow by the debtor's divorce counsel. The extent of the debtor's exemption right, if any, in the balance of the unpaid alimony (after satisfaction of Bradford's lien) will be determined after resolution of the question certified to the Tennessee Supreme Court.

IT IS SO ORDERED.

### ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF TENNESSEE

(A) Style of the Case: *Bradford Furniture Co. v. Storey (In re Storey),* Adversary No. 394–0055A (Bankr.M.D.Tenn. Sept. 26, 1994).

(B) Facts:

(1) *Nature of the Case:*

This is a dispute between a Chapter 7 debtor, Lenore Berry Ross Storey, the Chapter 7 trustee appointed in the debtor's case, Robert A. Waldschmidt, and a creditor, Bradford Furniture Company, Inc., over unpaid alimony owed to the debtor. The certifying court has resolved the dispute as it relates to Bradford. The dispute remaining between the trustee and the debtor concerns exemption rights in unpaid alimony under Tennessee law. The question certified asks the Supreme Court of Tennessee to interpret TENN.CODE ANN. § 26–2–111(1)(E) (Michie 1980 & Supp. 1994).

(2) *Circumstances Out of Which the Question of Law Arises:*

The facts are summarized in the memorandum of the certifying court, attached to this order.

(3) *Question of Law:*

Which of the following is the correct interpretation of TENN.CODE ANN. § 26–2–111(1)(E):

(1) Once asserted in any judicial proceeding, the exemption in alimony described in TENN.CODE ANN. § 26–2–111(1)(E) is effective with respect to all subsequent executions, seizures or attachments of alimony; or

(2) The exemption in alimony described in TENN.CODE ANN. § 26–2–111(1)(E) is effective only if claimed in each judicial proceeding in which execution, seizure or attachment of alimony is sought.

(C) Names of Parties:

Lenore Berry Ross Storey, Debtor

Robert H. Waldschmidt, Chapter 7 Trustee

Bradford Furniture Company, Inc.

(D) Names, Addresses and Telephone Numbers of Counsel for Parties:

(1) Counsel for Lenore Berry Ross Storey, Debtor:

Steve Lefkovitz, Esq.

530 Church Street

Suite 202

Nashville, Tennessee 37219

(615) 256–8300

(2) Counsel for Robert H. Waldschmidt, Trustee:

Robert H. Waldschmidt, Esq.

Howell & Fisher

Court Square Building

300 James Robertson Parkway

Nashville, Tennessee 37201

(615) 244–3370

(3) Counsel for Bradford Furniture Company, Inc.:

Steve Jordan, Esq.

First Union Bank Building, 2d Floor

198 East Main Street

Franklin, Tennessee 37064

(615) 790–9678

(E) Designation of One of the Parties as the Moving Party:

Moving Party: Robert H. Waldschmidt, Trustee

Adverse Party: Lenore Berry Ross Storey, Debtor

IT IS ORDERED that the question be certified to the Supreme Court of Tennessee and forwarded to the Clerk of the Supreme Court of Tennessee under Rule 23 of the Rules of the Supreme Court of Tennessee, as amended effective July 25, 1994.