**In re Albert J. LEO, Sr. and Barbara A. Leo, Debtors.**

**Bankruptcy No. 80–02317G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 21, 1983.

Frank J. Marcone, Media, Pa., for debtors, Albert J. Leo, Sr. and Barbara A. Leo.

Leo F. Doyle, Philadelphia, Pa., Trustee.

Leonard P. Goldberger, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in this case is whether we should grant the debtors' "petition"[1] to compel the trustee to turn over a debtor's homestead exemption. For the reasons stated herein, we will deny the relief requested.

The facts of the case are as follows:[2] Albert J. Leo and Barbara A. Leo, the debtors, purchased a residence as tenants by the entireties in 1972. In the midst of financial difficultires in 1975 the debtors sought to refinance the mortgage on the home. The mortgagee refinanced it after Albert Leo complied with the creditor's request to transfer his interest in the property to his wife. Barbara Leo subsequently conveyed a one-half interest in the property back to her husband for consideration of $1.00 on September 11, 1980. At that time, the liens on the property exceeded its fair market value. The debtors executed a petition for relief under chapter 7 of the Bankruptcy Code on September 11, 1980, and filed it seven days later. In the petition both debtors claimed an exemption in the realty. The petition failed to reflect the transfer of property which occurred on September 11.[3] The transfer was effected with actual intent to defraud creditors.

Shortly after the filing of the petition the trustee gave Barbara Leo her exemption in the realty but refused to give her husband his. The debtors commenced the instant action to compel the trustee to turn over the exemption. The trustee has refused, citing 11 U.S.C. § 548 and Pa.Stat. Ann. tit. 39, § 351 et seq. (Purdon). In pertinent part § 548 states as follows:

§ 548. Fraudulent transfers and obligations

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within

1. The term "petition" has disappeared from the lexicon of bankruptcy terminology (except when used in the phrase "petition for relief.").

2. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

3. The debtors' petition contained the following two questions which the debtors answered in the negative: "Have you made any gifts, other than ordinary and usual presents to family members and charitable donations, during the year immediately preceding the filing of the original petition herein?"; and "Have you made any other transfer, absolute or for the purpose of security, or any other disposition, of real or tangible personal property during the year immediately and preceding the filing of the original petition herein?"

one year before the date of the filing of the petition, if the debtor—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer occurred or such obligation was incurred, indebted; or

\* \* \* \* \* \*

The trustee contends that the transfer of property immediately prior to the filing of the petition was effected with intent to defraud creditors. Although there is little direct evidence of the debtors' intent to defraud their creditors, a finding of fraud can be predicated on circumstantial evidence since direct proof of fraudulent intent will rarely be available. *Consove v. Cohen,* 701 F.2d 978, 984 (1st Cir.1983). We find that the circumstantial evidence in this case supports a ·finding of fraudulent intent. The transfer of property occurred on the same day that the debtors signed the petition for relief which was filed one week later. Prior to the transfer the husband had no ownership interest in the property upon which an exemption could attach.

▆ In support of their position the debtors cite the principle that a "debtor may convert nonexempt property into exempt property immediately before the commencement of the case under title 11 of the United States Code. An eleventh hour acquisition of exempt property will not require disallowance of an exemption in such property." 3 *Collier on Bankruptcy* ¶ 522.-08[4], at 522–36 to 522–37 (15th ed. 1982) (Footnotes omitted). The case at bench is not a situation where the debtor merely *converted* a nonexempt asset into an exempt one. Here the debtor *fraudulently acquired* an asset for nominal consideration. Thus, the rule cited in *Collier* is inapposite.

Consequently, the conveyance of a one-half interest in the realty from Barbara Leo to her husband will be avoided. Following the avoidance Albert Leo will have no ownership interest in the property upon which to predicate his exemption and thus his exemption claim on this asset will be denied. This result will necessarily entail a denial of the debtors' request for turnover of the exemption.