RICHARD L. HOLMES, Retired Appellate Judge.
In December 1990 Mechelle Caswell (mother) and Conrad Lee Sullivan (father) obtained a divorce. The parties agreed to share joint custody of their two minor ehil- *17 dren, with primary custody vested in the mother. The father agreed to pay $361.50 per month in child support. The divorce decree adopted and ratified the parties’ agreement.
In July 1993 the parties filed a joint stipulation, requesting the trial court to terminate the father’s parental rights in the two minor children. In October 1993 the trial court issued an order, relieving the father of all parental responsibilities for the two minor children and terminating all of the father’s parental rights in the two minor children.
In November 1993 the mother, a nursing student, began receiving public assistance in the form of Aid to Dependent Children for the benefit of the two minor children.
In December 1995 the State of Alabama (State) petitioned the trial court to set aside the order terminating the father’s parental rights and to reinstate the father’s support obligation to the two minor children.
After a hearing the trial court set aside the order terminating the father’s parental rights in the two minor children and reinstated the original divorce judgment. The trial court ordered the father to pay $361.50 per month in child support, effective January 1996. The trial court specifically found that the father owed no child support arrearage because, it said, the father was acting in good faith and was relying upon the parties’ agreement when he failed to meet the child support obligation established in the parties’ divorce decree.
The State filed a post-judgment motion, requesting that the trial court hold the father responsible for the child support arrearage. The trial court denied the motion.
The State appeals. We would note that the father did not appeal the trial court’s decision to set aside the order terminating his parental rights and reinstating his support obligation to the two minor children.
Consequently, the only issue before this court in this case is whether the trial court committed reversible error when it declined to hold the father responsible for the child support arrearage.
Our review of the record reveals the following pertinent facts: The mother testified that the father made child support payments until 1992 when he remarried. She testified that after he remarried, the father called and told her that he would no longer be sending the child support payments because he had gotten married and it was no longer his responsibility. The mother further testified that when she objected, the father threatened to take the children and keep them.
The mother stated that she consulted an attorney in February 1993, because not only was the father two months behind in child support payments, but he had contacted the Department of Human Resources to report that she was an unfit mother. The mother said that the attorney wrote a letter to the father regarding the child support arrearage. The mother testified to the following, in pertinent part:
“But at the bottom [of the letter to the father, the attorney] put:
“ ‘In the alternative, your former wife would be willing to forego all child support provisions in the future and in the past if you would surrender your parental rights to the two children.’
“And I asked [the attorney] about that. I said, well, that’s not what I want to do. And he said, well, you have to be willing— you know it would be legally binding. Do you think he would sign it? And I said no. There is no way he would sign this. And he signed it.”
[[Image here]]
“So it was binding. So that’s how that came about. But in the meantime, the peace has been wonderful, and I have enjoyed it, and it’s been worth it.”
We would note that it is well settled that minor children have a fundamental right to support from their parents until the minor children reach the age of majority and that this right cannot be waived. Even though child support is paid to the custodial parent, it is for the benefit of the minor children. The custodial parent cannot agree to forgive the amount due under a child support arrearage, and the parent cannot waive child support due under a court order. State Dep’t of Human Resources, ex rel. *18 Nathan v. Nathan 655 So.2d 1044 (Ala.Civ.App.1995).
Additionally, we would note that this court stated the following in Frasemer v. Frasemer, 578 So.2d 1346, 1348-49 (Ala.Civ.App.1991):
“It is well settled that the issue of arrear-age is not subject to settlement between the parties, even where their agreement is sanctioned by the trial court. Court-ordered child support payments become final money judgments on the dates that they accrue and are thereafter immune from change or modification. While it is within the discretion of the trial court to modify the amount of child support due in the future, the trial court may not release or discharge child support payments once they have matured and become due under the original divorce decree. Further, the trial court may not diminish the amount of arrearage shown. At most, the trial court has discretion only as to the amount of arrearage by giving credit to the obligated parent for money and gifts given to the child, or for amounts expended while the child lived with the obligated parent or a third party. Where the obligated parent has failed to make child support payments because of financial inability to do so, the trial court may properly find the parent not in contempt, but the trial court may not ‘forgive’ or set aside the accrued ar-rearage. Moreover, a mother may not waive support payments due a minor child from the child’s father under a decree of the court, nor may support provisions of the decree be nullified by agreement between the parties.”
(Citations omitted) (emphasis in original).
As noted above, the minor children have a right to receive support from their father. The father’s refusal to provide such support to his minor children appears to have precipitated the parties’ request to terminate the father’s parental rights.
It would appear that the father had abandoned his financial responsibility to his minor children even before his parental rights were terminated. Consequently, it cannot be said that the father was acting in good faith and was relying upon the parties’ agreement when he failed to meet the child support obligation established in the parties’ divorce decree.
The State was ultimately called upon to meet the minor children’s physical and financial needs after their father declined to meet his obligation to them. The father should not be allowed to escape his past, present, or future obligation to provide support to his minor children, nor should the father be allowed to escape reimbursing the State for the monies it provided to meet the minor children’s physical and financial needs after he abandoned his financial responsibility to his minor children.
In light of the foregoing, we reverse that portion of the trial court’s order dealing with the arrearage owed by the father and remand the case to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.